951 F.2d 1266
 23 U.S.P.Q.2d 1077
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SUN STUDS, INC., Plaintiff-Appellee,
v.
U.S. NATURAL RESOURCES, INC., Defendant-Appellant.
 No. 91-1223.
 United States Court of Appeals, Federal Circuit.
 Dec. 12, 1991.
 
 Before PAULINE NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 The judgment of the United States District Court for the District of Oregon, granting summary judgment that the delay of the appellee, Sun Studs, Inc., in filing suit for patent infringement was reasonable and therefore did not constitute laches that barred the suit, is affirmed.
 
 OPINION
 
 2
 * The sole question on this appeal is whether the district court correctly granted Sun Studs' motion for summary judgment, rejecting the contention of the appellant U.S. Natural Resources, Inc., (referred to as ATA, the short name of its predecessor in interest) that Sun Studs was barred by laches from maintaining this patent infringement suit against it. The district court rejected the laches defense because it ruled that Sun Studs' delay in filing suit was reasonable.
 
 
 3
 The patent covers processes and apparatus for positioning logs in sawmills to maximize the amount of wood products that can be cut from the logs. The defendant was charged with contributory infringement, by supplying computer hardware and software used by the sawmills in operating the patented apparatus. After a jury verdict in a 1987 trial in favor of the plaintiff on most issues, the district court granted judgment notwithstanding the verdict.
 
 
 4
 In a prior appeal we reversed most of the JNOV, and upheld the jury's verdict that (1) most of the patents were valid and (2) most, but not all, of the sawmills had infringed the patents. Sun Studs, Inc. v. ATA Equip. Leasing, Inc., 872 F.2d 978, 10 USPQ2d 1338 (Fed.Cir.1989). We vacated that portion of the jury verdict that found that Sun Studs was barred by laches from asserting infringement claims against five sawmills, on the ground that substantial evidence did not support that jury ruling, and remanded the case for a new trial on that question. Id., 872 F.2d at 993, 994-5, 10 USPQ2d at 1350-51.
 
 
 5
 In the remanded proceedings, the district court granted summary judgment for Sun Studs on the laches issue. The court held that Sun Studs' delay in filing suit, which was less than six years, "was reasonable as a matter of law" and that the defendants "have failed to carry their burden to show some indicia of unreasonableness, including exceptional circumstances, in plaintiff's delay." The court reviewed in detail the six patent cases the plaintiff had cited in which delays of less than six years constituted laches, but concluded that in each of them there were exceptional circumstances that justified the imposition of laches to bar the suit. The court stated: "No exceptional circumstances (such as death or incapacity of important witnesses, loss of material documents) exist in this case."
 
 
 6
 In denying reconsideration, the court stated that in its prior opinion, it had "concluded that defendant failed to make the necessary showing of unreasonableness of delay to defeat plaintiff's motions. In cases where a period of delay of less than six years was found to be unreasonable, exceptional circumstances were involved. Defendant did not, and still does not, allege any exceptional circumstances."
 
 II
 
 7
 "To establish laches, the defendant must prove 1) unreasonable and inexcusable delay by the plaintiff in filing suit and 2) material prejudice resulting from the delay. The period from which delay is measured begins at the time the patentee knew, or in the exercise of reasonable diligence should have known, of the allegedly infringing activity. When a patentee delays more than six years before filing suit, the delay is presumed to be both unreasonable and prejudicial to the defendant." Adelberg Lab., Inc. v. Miles, Inc., 921 F.2d 1267, 1270, 17 USPQ2d 1111, 1113 (Fed.Cir.1990).
 
 
 8
 In the present case, the district court rejected ATA's laches defense because it found that Sun Studs' delay of slightly more than five years "was reasonable as a matter of law" and that the defendants had "failed to carry their burden to show some indicia of unreasonableness, including exceptional circumstances, in plaintiff's delay." In view of that ruling the court presumably found it unnecessary to consider the second prong of the laches test, namely whether ATA suffered "material prejudice resulting from the delay."
 
 
 9
 At oral argument of the appeal, attention was focused particularly upon a letter from Sun Studs to ATA, written in March 1983, approximately three months before the patent issued, which indicated Sun Studs' acquiescence in ATA's performing a "study for a long sawmill." According to ATA, in this letter Sun Studs authorized ATA to engage in the very conduct that Sun Studs subsequently charged constituted infringement of its patent.
 
 
 10
 Although the parties dispute the meaning of the letter, it cannot properly be given the broad scope ATA ascribes to it. Following the portion of the letter that ATA quoted in its brief is the following sentence: "Our viewpoint would be that you could do work in almost any phase as long as it does not pertain to a stud mill or a veneer mill." The district court did not discuss or even refer to this letter--presumably because the court considered it irrelevant in determining whether there were exceptional circumstances that made Sun Studs' delay in filing suit unreasonable. This letter did not create a dispute over a material fact that precluded summary judgment.
 
 
 11
 The district court, which had lived with this case for many years, was thoroughly familiar with its many details and nuances. "The application of the defense of laches is within the discretion of the trial court and will not be set aside absent a showing of abuse of discretion." Adelberg Laboratories, 921 F.2d at 1270, 17 USPQ2d at 1113. We cannot say that the district court abused its discretion in granting summary judgment that Sun Studs' delay of slightly more than five years was reasonable and, therefore, did not constitute laches.